**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**JARED SCOTT DUNN,**
   **Plaintiff,**

vs.              **Case No.: 3:06cv354/RV/MD**

**JACKSON CORRECTIONAL INSTITUTION,**
   **Defendant.**

---

## ORDER

  This cause is before the court upon referral from the clerk. This case was opened on August 18, 2006 upon plaintiff filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2). The application to proceed *in forma pauperis* was deficient because plaintiff failed to attach a copy of his trust fund account statement. Accordingly, on August 25, 2006 the court issued an order directing plaintiff to either correct this deficiency or submit the $350.00 filing fee. (Doc. 6). Plaintiff was given thirty days in which to comply with the order and was warned that his failure to timely comply would result in a recommendation of dismissal of his case.

  Plaintiff did not respond to the court's order.[1] Accordingly, on October 19, 2006 this court issued an order requiring plaintiff to show cause within twenty days why this case should not be dismissed for failure to prosecute and failure to comply with an order of the

---

[1] On September 11, 2006 plaintiff filed a notice advising the court that he wanted "a thorough investigation on my claims." (Doc. 8). The notice made no mention of the court's order requiring him to correct the deficiency in his *in forma pauperis* application. On September 19, 2006 plaintiff submitted a letter addressed directly to the district judge assigned to this case. The letter was returned on a deficiency order advising plaintiff that his letter was not properly captioned for this court, and that he should not correspond with the court in letter form. (Doc. 11).

court. (Doc. 12). On October 31, 2006 the court received a letter from plaintiff indicating that he attempted to obtain a copy of his trust fund account statement by "releas[ing] the information to a family member," but the family member "is old and not remembering things." (Doc. 15). In a deficiency order dated November 3, 2006, the court again advised plaintiff that his letter was not properly captioned for this court. Nonetheless, the court directed that the letter be filed and granted plaintiff an extension of time, until December 4, 2006, in which to comply with the August 25, 2006 order. Plaintiff was cautioned that releasing information to a family member may not be the proper way to obtain a copy of his trust fund account statement, and that he should consult institutional rules and policies for guidance on the proper procedure. (Doc. 14). A copy of the deficiency order was mailed to plaintiff at his address of record. However, it was returned as undeliverable on November 13, 2006, marked "Return to Sender - No Longer At This Address." (Doc. 16).

On December 11, 2006 plaintiff advised the court of his new address and inquired of the status of his inmate account statement. (Doc. 17). On December 15, 2006 the court re-mailed a copy of the November 3 deficiency order to plaintiff at his new address. To date, plaintiff has neither complied with the August 25, 2006 order nor sought an extension of time in which to do so.

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is DENIED WITHOUT PREJUDICE.

2. Within **thirty (30) days** from the date of this order, plaintiff shall either pay the filing fee in the amount of $350.00, or submit a new and <u>complete</u> application to proceed *in forma pauperis*.[2]

3. The clerk shall forward to plaintiff a form application to proceed *in forma pauperis*. This case number shall be written on the form.

---

[2] As plaintiff was previously advised, a complete application to proceed *in forma pauperis* includes a motion with supporting affidavit and a prisoner consent form and financial certificate with a copy of his trust fund account statement reflecting transactions in his inmate account for the preceding six months. It is plaintiff's responsibility to obtain the required printout(s) from each institution at which he may have been confined during the six month period.

*Case No: 3:06cv354/RV/MD*

4.  Plaintiff's failure to timely comply with this order as instructed will result in a recommendation of dismissal of this action for failure to comply with an order of the court.

DONE AND ORDERED this 18th day of January, 2007.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:06cv354/RV/MD*