**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**JARED SCOTT DUNN,**
          **Plaintiff,**

**vs.**                                   **Case No.: 3:06cv354/RV/MD**

**JACKSON CORRECTIONAL INSTITUTION,**
          **Defendant.**

---

**REPORT AND RECOMMENDATION**

       **This cause is before the court upon referral from the clerk. Plaintiff commenced this action in August of 2006 by filing a civil rights complaint (doc. 1) and an application to proceed *in forma pauperis* (doc. 2), the latter of which was found to be deficient (doc. 6). On January 18, 2007, after giving plaintiff several opportunities to correct the deficiency in his *in forma pauperis* application, this court entered an order denying the application without prejudice (doc. 20). The order directed plaintiff to submit, within thirty days, either the $350.00 filing fee or a new and complete application to proceed *in forma pauperis*. A copy of the order was mailed to plaintiff at his address of record: P.O. Box. 1000, Chattahoochee, FL 32324-1000;[1] however, it was returned as undeliverable on January 30, 2007 with the notation "Return to Sender - Unclaimed - Unable to Forward" (doc. 21).**

       **Over thirty days elapsed, and plaintiff did not file a change of address form or otherwise notify the court of his new address. Accordingly, on March 2, 2007 the**

---

      [1]**On December 11, 2006 plaintiff filed a notice of change of address informing the court that he had been transferred from the Escambia County Jail to the Florida State Hospital in Chattahoochee bearing this address. (Docs. 15, 17).**

court issued an order directing plaintiff to show cause within twenty days why his case should not be dismissed for failure to keep the court informed of his current address (doc. 22).  A copy of the March 2, 2007 was mailed to plaintiff at his address of record, the Chattahoochee address.  This time, the copy of the order was <u>not</u> returned as undeliverable.  However, plaintiff still did not respond.

Upon its own initiative, the court learned that on or about January 17, 2007 plaintiff had been transferred back to the Escambia County Jail.[2]  *See* www.escambiaso.com.  Therefore, in the interests of justice, the court issued an order on March 28, 2007 directing the clerk to re-mail copies of its previous orders (docs. 20 and 22) to plaintiff at both his address of record <u>and</u> the Escambia County Jail, and directing plaintiff to show cause within fifteen days why this case should not be dismissed.  Copies of the March 28, 2007 order and enclosures were mailed to plaintiff at his address of record <u>and</u> the Escambia County Jail.  Although the copy mailed to plaintiff's address of record was returned as undeliverable, the copy mailed to the Escambia County Jail was not.  However, plaintiff still has not responded to the order.  No correspondence has been received from plaintiff since December 11, 2006.  (*See* doc. 17).

Accordingly, it respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with an order of the court.

2.  That the clerk be directed to close the file.

At Pensacola, Florida, this 17th day of April, 2007.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] At the time plaintiff commenced this action, he was confined at the Escambia County Jail. (Doc. 1, p. 2).

*Case No: 3:06cv354/RV/MD*

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).**